**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**VIRCO LAND AND SNOW, LLC,**

**Plaintiff,**

**v.** **Civil Action No. 2:25-cv-00338**
**Honorable ______________________**

**ERIE INSURANCE PROPERTY & CASUALTY COMPANY,**

**Defendant.**

**COMPLAINT**

COMES NOW the plaintiff, Virco Land and Snow, LLC, ("VLS") by counsel, who for their Complaint against defendant Erie Insurance Property & Casualty Company ("Erie") states as follows:

**Parties and Jurisdiction**

1. Plaintiff Virco Land and Snow, LLC is a West Virginia limited liability company whose sole member at all relevant times was a West Virginia resident.

2. Defendant Erie is a Pennsylvania corporation with its principal place of business located in Erie, Pennsylvania.

3. Jurisdiction is proper with this Court based on diversity of citizenship of the parties and the amount in controversy herein exceeds $75,000.00.

4. Plaintiffs purchased property and casualty insurance including liability insurance through Erie in or around 2020 and maintained that policy continuously through and

beyond at least February 1, 2023, including Ultraflex Policy number #Q4066501111 which policy was renewed for the period from April 16, 2022 through April 16, 2023.

5. At some time after February 1, 2023, Jessica Ackley made a personal injury claim against VLS for injuries allegedly sustained in Putnam County, West Virginia.

6. VLS presented Ackley's claim to Defendant Erie for coverage which coverage was wrongfully and in bad faith denied by Defendant Erie.

7. Defendant Erie breached its contract of insurance to VLS and has acted in bad faith, all of which conduct either occurred in West Virginia or was related to a contract entered into in the state of West Virginia.

8. Ackley's claim remains pending and is uncertain, however, she claims medical expenses in excess of $31,000.00 as well as pain and suffering and other general damages making the amount in controversy greater than $75,000.00.

9. Pursuant to 28 U.S. Code §1332, since the amount in controversy exceeds $75,000.00, Plaintiff's sole member was a resident of West Virginia and Defendant is a Pennsylvania corporation with its principal place of business located in Pennsylvania, diversity jurisdiction exists and therefore, jurisdiction and venue are proper with this Court.

**STATEMENT OF FACTS**

10. On or about December 21, 2022, Defendant Erie purports to have cancelled VLS' policy of insurance by notice effective January 22, 2023.

11. The purported cancellation notice indicated an amount needed to reinstate the policy of $671.40.

12. The purported cancellation notice states no other reason for cancellation other than the amount due and includes a payment stub for payment by mail along with information for payment online.

13. VLS paid the required premium and coverage was reinstated effective January 22, 2023.

14. On or about February 1, 2023, after the reinstatement of coverage date, Jessica Ackley alleges that she was injured when she fell on snow or ice at the Walmart parking lot in Hurricane, Putnam County, West Virginia.

15. VLS had a contract with Walmart to provide snow removal services at the subject location.

16. Walmart is named as an additional insured on VLS' policy with Defendant Erie.

17. On or about January 24, 2025, Ackley filed suit against VLS, Walmart and others for her personal injuries in the Circuit Court of Putnam County, West Virginia.

18. Prior to and after the Ackley lawsuit, VLS provided notice to Defendant Erie regarding Ackley's claim and lawsuit.

19. In addition, VLS has provided Defendant Erie of claims for indemnification by other Defendants in the Ackley case.

20. Most importantly, VLS has provided Defendant Erie with notice of its reinstatement of coverage effective January 22, 2023, prior to the Ackley date of injury and notice of her claim.

21. Defendant Erie, despite the above facts, has wrongly, maliciously and in bad faith denied coverage to VLS.

22. As a result, VLS has suffered damages by incurring attorney's fees and expenses to defend against the Ackley case.

23. VLS has suffered annoyance, aggravation and inconvenience associated with defendant the Ackley case for which Defendant Erie has wrongly, maliciously and in bad faith denied coverage.

24. VLS has suffered consequential damages resulting from Defendant Erie's wrongful, malicious and bad faith denial of coverage.

25. VLS is entitled to recover punitive damages for Defendant Erie's wrongful, malicious and bad faith denial of

coverage which constitutes a pattern and practice of wrongful, malicious and bad faith denials of coverage by Defendant Erie.

26. All of the above conduct by Defendant Erie is a breach of the insurance contract between it and VLS.

**Count I - Breach of Contract**

27. VLS incorporates herein by reference those allegations contained in Paragraph 1 through 26 of its Complaint.

28. A contract of insurance existed between VLS and Defendant Erie.

29. VLS met its obligations under the insurance contact by paying its premiums.

30. At such time as Defendant Erie notified VLS of past due premiums due to an audit, VLS paid the premiums owed and the contract of insurance was reinstated effective January 22, 2023.

31. On or about February 1, 2023, after the effective date of reinstatement of the insurance contract, Jessica Ackley alleges she was injured due to negligence of VLS and others.

32. VLS notified Defendant Erie of Ackley's claim.

33. Thereafter, Ackley filed suit against VLS and others in the Circuit Court of Putnam County, West Virginia.

34. VLS notified Defendant Erie of Ackley's lawsuit.

35. Other Defendants in Ackley's lawsuit demanded indemnification from VLS.

36. VLS notified Defendant Erie of those indemnification demands including one from Walmart, a named additional insured under VLS' contact of insurance with Defendant Erie.

37. Defendant Erie has a duty to defend and indemnify VLS and Walmart under the contract of insurance.

38. Defendant Erie has breached its contract of insurance with VLS by failing and refusing to defend and indemnify VLS and Walmart against Achley's claim.

39. Defendant Erie's breach of the insurance contract was malicious and intentional as Defendant Erie was aware that it had issued a reinstatement of the policy effective prior to the Ackley injury, claim and lawsuit.

40. As a direct and proximate result of Defendant Erie's breach of the insurance contract, VLS has suffered damages by having to defend itself against the Ackley claim and lawsuit and faces the uncertainty of indemnifying Ackley as well as other potentially other Defendants in the Ackley lawsuit.

41. In addition, VLS has suffered other foreseeable consequential damages resulting from Defendant Erie's breach of the insurance contract as shall become evident through discovery in this matter.

**Count II - First Party Bad Faith (Common Law)**

42. Plaintiff incorporates herein by reference those allegations contained within paragraphs 1 through 41 of the Complaint.

43. Plaintiff notified Defendant Erie of the Ackley claim and the Ackley Defendants' demand for indemnification.

44. Defendant Erie had a duty of good faith and fair dealing to Plaintiff as first-party insureds under their insurance policy with Defendant Erie.

45. Defendant Erie has breached their duty of good faith and fair dealing by failing to defend and indemnify VLS as well as other Defendants in the Ackley matter when Defendant Erie is well aware that VLS' policy was reinstated effective January 22, 2023, prior to Ackley's claim for injuries sustained on February 1, 2023 and despite being reminded multiple times of the reinstatement and provided documentation thereof.

46. Defendant Erie has breached its duty of good faith and fair dealing having denied coverage to VLS despite reinstatement of the insurance policy.

47. VLS has sustained and continues to sustain damages by incurring attorney's fees and expenses to defend the Ackley claim as well as the uncertainty of potential indemnification of Ackley and indemnification of other Defendants in the Ackley matter and such other and further

foreseeable consequential damages as shall come to light through discovery.

48. Defendant Erie's actions in this matter were intentional and/or reckless and constitute a pattern and practice of bad faith conduct.

49. The actions set forth herein constitute a breach of the implied covenant of good faith and fair dealing and the common law tort of bad faith.

50. The acts undertaken by the Defendant Erie as described above resulted in aggravation, annoyance and inconvenience to VLS.

51. As a result of Defendant Erie's bad faith denial of coverage, VLS entitled to recover attorney's fees and expenses as well as punitive damages.

**Count III - Violations of the West Virginia Unfair Trade Practices Act**

52. VLS incorporates herein by reference those allegations contained within paragraphs 1 through 51 of the Complaint.

53. At all times relevant herein, Defendant Erie failed to conduct a prompt and reasonable investigation of the claim made by Ackley against its insured VLS based upon all available information including, but not limited to, the

reinstatement of the policy, and this constitutes a direct violation of West Virginia Code § 33-11-4(9)(d).

54. At all times relevant herein, Defendant Erie forced Plaintiff to institute this litigation in order to obtain the coverage due under the subject policy, in direct violation of West Virginia Code § 33-11-4(9)(g).

55. The conduct described herein with respect to Defendant Erie is part of a general business practice and constitutes unfair claims settlement practices under West Virginia law, and specifically under the provisions of West Virginia Code §33-11-4(9).

56. As a direct and proximate result of Defendant Erie's violations of West Virginia Code § 33-11-4(9), the Plaintiff has been forced to incur attorney's fees and cost associated with defending itself against a claim for which it is covered by Defendant Erie and instituting litigation in order to confirm coverage and recover the damages described herein.

57. From the initial notification of the subject claim, Defendant Erie acted maliciously, predetermined to delay and refuse Plaintiff's claim for coverage and indemnification in violation of West Virginia Code § 33-11-4-(9).

58. At all times relevant herein, Defendant Erie acted with the deliberate and malicious intent to injure and defraud Plaintiff in violation of West Virginia law as set forth

herein above, all of which has proximately caused continuing economic and non-economic damages to the Plaintiff and all of which warrants and commands an award of punitive damages.

59. Under the legal precedent established in *Jenkins v. J.C. Penney Cas. Ins. Co.*, 280 S.E.2d 252 (W.Va. 1981) and *Dodrill v. Nationwide Mut. Ins. Co.*, 491 S.E.2d 1(W.Va. 1996), this Court has jurisdiction over this private cause of action for the unfair claims settlement practices of the Defendant Erie and Plaintiff is entitled to an award of damages for legal fees and costs, net economic losses and punitive damages pursuant to said cause of action.

WHEREFORE, Plaintiff Virco Land and Snow, LLC demands the following relief from Defendant:

1. Compensatory damages in an amount in excess of the Court's jurisdictional limits, and as proven by the evidence at trial as well as attorney's fees and costs, annoyance and inconvenience, net economic losses and all other losses plaintiff sustained as a result of defendant's actions;

2. Pre-judgment and post-judgment interest, costs and attorney's fees;

3. Punitive damages against Defendant Eroe in an amount to be determined by the jury; and

4. A declaratory judgment against Defendant Erie requiring it to provide Plaintiff coverage under the subject policy.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

VIRCO LAND AND SNOW, LLC

By Counsel

s/Scott H. Kaminski
Scott H. Kaminski (WV Bar #6338)
Ray, Winton & Kelley, PLLC
109 Capitol Street, Suite 700
Charleston, WV 25301
304-342-1141
304-342-0691 fax
ScottKaminski@rwk-law.com